UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| B. MOODY, K. O'BRIEN, | Index No. **20-CV-5834** |
| Plaintiffs, | |
| v. | **COMPLAINT** |
| INSPIRE SUMMITS, LLC, CHRISTOPHER P. SKROUPA, | |
| Defendants. | |

This is an egregious case of wage theft.

Defendants stopped paying Plaintiffs their wages owed and reimbursements for job-related expenses, while stringing the Plaintiffs along with false promises that they would be made whole. Plaintiffs were ultimately forced to resign, and over a year later, still have not been paid.

This suit concerns clear violations of law that must be swiftly remedied.

Plaintiffs B. MOODY ("Mr. Moody") and K. O'BRIEN ("Mr. O'Brien"), by and through their undersigned counsel Josh Bernstein P.C., alleges as precedes and follows. In accordance with Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a jury trial of this action.

**Nature of the Suit:
Failure to Pay Wages, Failure to Pay Minimum Wage,
Failure to Provide Requisite Wage Notifications,
Breach of Contract, and Conversion**

1. Plaintiffs bring suit under the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 201 et. seq., the New York Labor Law ("NYLL") Article 1-40, in particular Article 6 (§ 190 et. seq.), Article 7 (§ 200 et. seq.), and Article 19 (§ 650 et. seq.), and the common law of the State of New York.

**The Parties**

2. Plaintiff B. Moody is an adult U.S. citizen residing in the state of New York.

3. Plaintiff K. O'Brien is an adult U.S. citizen residing in the state of New York.

4. Defendant Inspire Summits, LLC ("Inspire Summits") is a domestic corporation residing in New York. Inspire Summits does business as Skytop Strategies. The nature of the company revolves around holding business conferences.

5. Defendant Christopher P. Skroupa ("Skroupa") is the founder, Chief Executive Officer, and sole owner of Inspire Summits. Skroupa is an adult who resides in the state of New York.

**Defendants Fail to Pay Plaintiffs Wages and Reimbursements Owed**

**B. Moody**

6. Defendants hired B. Moody as Vice President for Partnership Engagement in December 2016. Mr. Moody was subsequently promoted to Chief of Staff in May 2017.

7. Over the course of his employment, B. Moody was required to travel domestically and internationally to conferences held by Defendants. Mr. Moody was required to pay for related expenses, such as travel expenses and lodging fees, out of his own pocket, and

would then be reimbursed by Defendants. All expenses B. Moody incurred during his tenure with Defendants were approved business expenses.

8. Mr. Moody was given a raise in April 2018, but was never actually paid the agreed-upon increased compensation.

9. In April 2018, Defendants missed their first payroll and Mr. Moody was not paid his wages and reimbursements owed.

10. Mr. Moody was not paid at all for the period of July 7, 2018, to November 9, 2018.

11. During this time period, Skroupa strung Mr. Moody along with promises that he would be compensated shortly.

12. But Defendants never paid Mr. Moody his wages for that period, nor for tens of thousands of dollars in reimbursements owed, stretching all the way back to September 2017.

13. Accordingly, Mr. Moody was constructively discharged by non-payment of compensation owed, and resigned effective November 9, 2018.

**K. O'Brien**

14. Mr. O'Brien joined Defendants' Board of Advisors in December 2016.

15. In May 2018, Skroupa asked and authorized Mr. O'Brien to pay for two expensive business dinners totaling over $5,000 dollars, promising to reimburse Mr. O'Brien shortly. Mr. O'Brien paid for the dinners, but to date, has not been reimbursed.

16. Also in May 2018, Skroupa asked and authorized Mr. O'Brien to pay for Defendants' Salesforce[1] charge of a little over $4,000 dollars. Mr. O'Brien paid the charge, but to date, has not been reimbursed.

---

[1] Salesforce is a unified online marketing and sales platform.

17. In July 2018, Defendants hired Mr. O'Brien as their Sales Manager. Mr. O'Brien worked in that capacity through October 2018, but was never paid his compensation owed.

18. In August 2018, Defendants asked Mr. O'Brien to extend a $10,000 dollar loan to them, which he did. To date, Mr. O'Brien has not been reimbursed for this loan.

19. Mr. O'Brien was constructively discharged by non-payment of compensation owed, and resigned effective November 1, 2018.

## Defendants Fail to Provide Requisite Wage Notices

20. Defendants did not provide Plaintiffs with wage notices compliant with the Wage Theft Prevention Act under the New York Labor Law.

21. Mr. O'Brien never received any wage notices at all, including upon hire, and on every regular pay day.

22. Mr. Moody did not receive a compliant notice upon hire, when he was promoted to Chief of Staff (with a commensurate raise) nor upon every regular payday.

## Liability

23. Upon information and belief, the revenue of Inspire Summits exceeds $500,000 per annum.

24. In connection with their employment by Defendants, both Plaintiffs were involved in interstate commerce.

25. In connection with his job with Defendants, B. Moody travelled out of state and out of the country for business conferences held by Inspire Summits in foreign jurisdictions.

26. As Sales Manager, K. O'Brien was involved in making sales and soliciting monies out of state and out of the country.

27. Inspire Summits is the alter ego of Skroupa.

28. There is an overlap in ownership and personnel between Inspire Summits and Skroupa. Skroupa is the sole owner of Inspire Summits, and exerts final authority on all Inspire Summits matters.

29. Skroupa and Inspire Summits share common office space and contact information.

30. There is a lack of corporate formalities and/or the formalities are disregarded.

31. Inspire Summits is under-capitalized, resulting in missing payroll, failure to pay wages and reimbursements as outlined above.

32. Skroupa uses Inspire Summit funds for his personal use and benefit. For example, K. O'Brien made a $50,000 sale to the family office of a Saudi Family for a particular conference, but Skroupa did not use a dime of those funds for the conference they were supplied for, instead using the funds for his personal benefit.

33. Skroupa and Inspire Summits commingle funds and accounts.

34. Skroupa was the ultimate decisionmaker as to Defendants' failure to pay wages and reimbursements owed.

## FIRST CAUSE OF ACTION:
## FAILURE TO PAY WAGES DUE UNDER THE FLSA

35. Plaintiffs repeat and reallege the allegations contained in paragraphs 1-34 inclusive as if they were fully set forth herein.

36. The aforesaid actions of the Defendants constitute a violation of the Fair Labor Standards Act, 29 U.S.C. 201 et. seq., and its implementing regulations.

37. As a result of Defendants' violation of the Fair Labor Standards Act, Plaintiffs have suffered and continue to suffer economic damages in the form of lost wages, and are

5

entitled to payment for such damages, treble and/or liquidated damages, interest, costs, attorney's fees, and other such legal and equitable relief as the Court deems just and proper.

## SECOND CAUSE OF ACTION:
## FAILURE TO PAY MINIMUM WAGE UNDER THE FLSA

38. Plaintiffs repeat and reallege the allegations contained in paragraphs 1-34 inclusive as if they were fully set forth herein.

39. The aforesaid actions of the Defendants constitute a violation of the Fair Labor Standards Act, 29 U.S.C. 201 et. seq., and its implementing regulations.

40. As a result of Defendants' violation of the Fair Labor Standards Act, Plaintiffs have suffered and continue to suffer economic damages in the form of lost wages, and are entitled to payment for such damages, treble and/or liquidated damages, interest, costs, attorney's fees, and other such legal and equitable relief as the Court deems just and proper.

## THIRD CAUSE OF ACTION:
## FAILURE TO PAY WAGES AND REIMBURSEMENTS
## UNDER THE NEW YORK LABOR LAW

41. Plaintiffs repeat and reallege the allegations contained in paragraphs 1-34 inclusive as if they were fully set forth herein.

42. The aforesaid actions of the Defendants constitute a violation of the New York Labor Law, Article 6 (§ 190 et. seq.), Article 19 (§ 650 et. seq.), and accompanying Wage Orders.

43. As a result of Defendants' violation of the New York Labor Law, Plaintiffs have suffered and continue to suffer economic damages in the form of lost wages, and are

entitled to payment for such damages, treble and/or liquidated damages, civil penalties, interest, costs, attorney's fees, and other such legal and equitable relief as the Court deems just and proper.

### FOURTH CAUSE OF ACTION: FAILURE TO PROVIDE WAGE THEFT PREVENTION ACT NOTICES

44. Plaintiffs repeat and reallege the allegations contained in paragraphs 1-34 inclusive as if they were fully set forth herein.

45. The aforesaid actions of the Defendants constitute a violation of the New York Labor Law, Article 6 (§ 190 et. seq.), Article 19 (§ 650 et. seq.), and accompanying Wage Orders.

46. As a result of Defendants' violation of the New York Labor Law, Plaintiffs have suffered and continue to suffer economic and/or compensatory damages, and are entitled to payment for such damages, treble and/or liquidated damages, penalties, civil penalties, interest, costs, attorney's fees, and other such legal and equitable relief as the Court deems just and proper.

### FIFTH CAUSE OF ACTION: BREACH OF CONTRACT

47. Plaintiffs repeat and reallege the allegations contained in paragraphs 1-34 inclusive as if they were fully set forth herein.

48. The aforesaid actions of the Defendants constitute breach of contract in the State of New York.

49. As a result of Defendants' breach of contract, Plaintiffs have suffered and continue to suffer economic damages, and are entitled to payment for such damages, treble and/or

liquidated damages, civil penalties, interest, costs, attorney's fees, and other such legal and equitable relief as the Court deems just and proper.

### SIXTH CAUSE OF ACTION: CONVERSION

50. Plaintiffs repeat and reallege the allegations contained in paragraphs 1-34 inclusive as if they were fully set forth herein.

51. The aforesaid actions of the Defendants constitute conversion.

52. As a result of Defendants' conduct Plaintiffs have suffered and continue to suffer economic damages, and are entitled to payment for such damages, treble and/or liquidated damages, civil penalties, interest, costs, attorney's fees, and other such legal and equitable relief as the Court deems just and proper.

### PUNITIVE DAMAGES

53. As to all of Plaintiffs' causes of action, because Defendants' actions were willful, unlawful, malicious and intentional, Plaintiffs hereby demand punitive damages.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs B. Moody and K. O'Brien prays for the following relief: Judgment against Defendants to award damages in an amount to be determined at trial including economic damages, compensatory damages, lost wages, treble and/or liquidated damages, penalties, civil penalties, punitive damages, costs, interest, attorney's fees, and an award of such other and further relief as the Court deems just and proper.

Dated: March 16, 2020

                Josh Bernstein, P.C.
                *Counsel for Plaintiffs*

         By:_____/s/_____
               Joshua Alexander Bernstein

                175 Varick Street
                New York, NY 10014
                (646) 308-1515
              jbernstein@jbernsteinpc.com

## **VERIFICATION**

B. MOODY being duly sworn, deposes and says:

I am a plaintiff in the above-entitled action. I have read the foregoing complaint and know the contents thereof. The same are true to my knowledge, except as to matters therein stated to be alleged on information and belief, and as to those matters I believe them to be true.

*Bradley S Murphy*
B. Moody
Plaintiff

Sworn to before me this
1 day of April, 2020

*Camille Riggio*

CAMILLE RIGGIO
NOTARY PUBLIC, State of New York
No. 01RI6213113
Qualified in Dutchess County
Term Expires November 2, 2018 21

Notary Public

## **VERIFICATION**

K. O'BRIEN being duly sworn, deposes and says:

I am a plaintiff in the above-entitled action. I have read the foregoing complaint and know the contents thereof. The same are true to my knowledge, except as to matters therein stated to be alleged on information and belief, and as to those matters I believe them to be true.

K. O'Brien
Plaintiff

Sworn to before me this
7th day of July, 2020

Notary Public

11