UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____
B. MOODY, K. O'BRIEN,            )
                                 )   **Index No.**
                                 )   **20-CV-5834**
                    Plaintiffs,  )
                                 )
        v.                       )
                                 )
INSPIRE SUMMITS, LLC,            )
CHRISTOPHER P. SKROUPA,          )
                                 )
   _____Defendants._____)

## ARGUMENT

This is a two-Plaintiff suit under the Fair Labor Standards Act ("FLSA"), the New York Labor Law ("NYLL"), and the common law of New York. For the purposes of this Motion, Plaintiffs seek judgment for failure to pay wages and wage supplements, failure to provide requisite wage notices, and breach of contract, and waive their cause of action for Conversion.

## Choice of Law

All parties are residents of New York State, and all acts and omissions at issue occurred in New York, NY. *See* Complaint, Ex. 17. Accordingly, New York State has the greatest – and only – interest in the litigation, making New York State (and federal) law the appropriate choice of law. *See Lola v. Skadden, Arps, Slate, Meagher & Flom LLP,* 620 Fed.Appx. 37 (2d Cir. 2015).

## Liability

The Complaint amply pleads that Defendants have revenue in excess of $500,000 per annum, that both Plaintiffs and Defendants are engaged in interstate commerce, and that Inspire Summits, LLC is the alter ego of Christopher P. Skroupa, establishing FLSA coverage. Complaint, Ex. 17, ¶ 23-34; 29 USC § 203(d), (s)(1)(A)(ii). The Complaint likewise sufficiently

pleads Defendant Christopher P. Skroupa's operational control of Inspire Summits, LLC as sole owner and principal to incur individual liability. Complaint, Ex. 17, ¶ 28; *See Lu v. Nisen Sushi of Commack, LLC*, No. 18-CV-7177, 2020 U.S. Dist Lexis 46112 *13 (E.D.N.Y. March 14, 2020) It should also be noted that the Complaint in this matter is verified by both Plaintiffs, and accordingly constitutes sworn testimony. Ex. 17.

A failure to pay wages due when owed constitutes a violation of the FLSA's "prompt payment" or "timely payment" requirement. *Martin v. United States*, 117 Fed. Cl. 611 (Ct. of Fed. Cl. 2014). Plaintiffs have sufficiently plead that they are owed wages due for the period of July 2018-November 2018, and that they have not been paid such wages to date. Complaint, Ex. 17, ¶ 6-19. Plaintiffs were to be paid on a salary basis, and accordingly, Plaintiffs' pleading that they performed their work for Defendants during the referenced period and were not paid establishes liability on this claim. *Sarit v. Westside Tomato, Inc.*, No. 18-CV-11524, 2020 U.S. Dist. Lexis 67074, fn. 9 (S.D.N.Y. April 16, 2020). The same facts and legal elements establish a violation of the FLSA's minimum wage provision.

The New York Labor Law covers all employers and does not have revenue or interstate commerce threshold elements. N.Y. Lab Law § 190(3). A failure to pay an employee wages due constitutes an illegal wage deduction under the New York Labor Law. *Padilla v. Manlapaz*, 643 F.Supp.2d 302, 311 (E.D.N.Y. 2009); N.Y. Lab Law § 193. The same pleadings establishing Defendants' liability under the FLSA for failure to pay wages establishes Defendants' liability under the NYLL. *See Ansoumana v. Gristede's Operating Corp.*, 255 F.Supp.2d 184, 192-3 (S.D.N.Y. 2003) (individual liability).

Upon hire, New York employers are required to provide employees with a notice containing the rate of pay and the basis thereof, regular pay day, and other requisite information.

NYLL § 195(1)(a). With every payment of wages, New York employers are required to provide a statement including the dates of work covered by the payment, name and contact information of the employer, rate of pay, and other requisite information. NYLL § 195(3). Plaintiffs have plead that Defendants failed to provide such notices, establishing liability on the Wage Theft Prevention Act notice claims. Complaint, Ex. 17, ¶ 20-21; Ex. 10, ¶ 10-11; Ex. 11, ¶ 6-7.

Under New York Law, the essential elements of a breach of contract claim are: (1) the existence of a contract; (2) Plaintiff's performance pursuant to the contract; (3) Defendants' breach of his or her contractual obligations and; (4) damages. *Dee v. Rakower,* 112 A.D.3d 204, 208-9 (2d Dept. 2013). The Complaint amply pleads that Plaintiff K. O'Brien and Defendants (1) formed a contract whereby (2) Plaintiff provided a number of loans to Defendants and (3) Defendants breached by not repaying the loans (4) resulting in damages in the amount of the loans plus interest. Complaint, Ex. 17, ¶ 14-19; Ex. 11, ¶ 3.

**Measure of Damages**

A prevailing party under the FLSA's prompt payment and failure to pay minimum wage provisions is entitled to payment of the underlying wages owed, liquidated damages in an amount equal to the underlying wages owed, reasonable attorney's fees, and costs. *See Martin v. United States*, 117 Fed. Cl. 611 (Ct. of Fed. Cl. 2014); 29 U.S.C. § 216(b). The same damages are available under the NYLL. NYLL § 198(1-a).

An employee who is not provided with the notice required within 10 days of hire under the New York Labor Law is entitled to $50 in damages per day that the violation continues, capped at $5,000, along with reasonable attorney's fees and costs. NYLL § 198(1-b). An employee who is not provided with the statement required upon every regular payday is entitled

to $250 in damages per day for each day the violations occurred or continued to occur, capped at $5,000, plus reasonable attorney's fees and costs. NYLL § 198(1-d).

Damages for breach of contract are awarded in an amount that would make the Plaintiff whole had there been no breach. *See Brushton-Moira Cent. Sch. Dist. V. Fred H. Thomas Assocs., P.C.*, 91 N.Y.2d 256, 262 (1998) (citation omitted).

New York State imposes statutory prejudgment interest of 9% per annum on all claims. CPLR § 5004.

## Analysis of Damages

The following is duplicative of paragraphs 23-58 of the Affidavit in Support, but will be repeated here as per your Honor's Individual Rules. FRCP § 55(b)(2) leaves to the Court's discretion whether a hearing is necessary to determine damages on a default judgment, and as long as there is a legitimate basis for the damages specified in the judgment, the Court is not required to hold a hearing. *Braccia v. D'Blass Corp.*, No. 08 Civ. 08927, 2011 U.S. Dist. Lexis 77215 *8-9 (S.D.N.Y. June 13, 2011) *citing Fustok v. Conticommodity Servs., Inc.*, 873 F.2d 28, 40 (2d Cir. 1989). Accordingly, on the basis of the sworn testimony of the Plaintiffs in the Complaint and their Affidavits annexed to this motion – Exhibits 10-11 – and the specific calculations provided herein and in the Affidavit in Support, an inquest is not necessary, but of course Plaintiffs would have no issue providing testimony at an inquest if your Honor so Orders.

## B. Moody

As of November 2, 2018, B. Moody ("Mr. Moody") was owed $20,337.28 in reimbursements for business expenses. Annexed hereto as Exhibit 9 is a copy of Defendant Inspire Summits LLC's A/P Aging Summary of November 2, 2018 (showing outstanding debts as of that date and the age of said debts) with all entries redacted save for the entries for

Plaintiffs. Plaintiffs have retained the unredacted version of this document and can file the unredacted version if your Honor so directs.

As of November 7, 2018, B. Moody was owed $26,667 in unpaid wages. Affidavit of B. Moody annexed hereto as Exhibit 10, ¶ 7-10.

B. Moody was originally hired in December 2016. Upon hire, and upon each change in compensation, Defendants failed to provide B. Moody with a notice including rate of pay, how he was to be paid, regular payday, official name of the employer and doing business as names, address and phone number of the employer's main office or principal location, and allowances taken as part of the minimum wage.

Likewise, each time B. Moody was paid, Defendants failed to provide a compliant document containing the same information identified in ¶ 24. Defendants did not even run an actual payroll, but would simply cut B. Moody a check. Id ¶11-12.

The New York Labor Law defines reimbursements for business expenses as wage supplements. NYLL § 198-c(2). The NYLL in turn defines "wages" to include wage supplements. NYLL § 190(1).

Accordingly, B. Moody is entitled to $47,004 in wages and wage supplements as of November 7, 2020. B. Moody is also entitled to $47,004 in liquidated damages for such wages and wage supplements.

B. Moody is owed $50/day for each violation of the Wage Theft Prevention Act notice requirements. Penalties for each such violation are capped at $5,000. These violations occurred for well-over 100 days. Defendants committed two different violations of the Wage Theft Prevention Act notice requirements, upon hire/change in compensation, and upon each regular payday. Accordingly, B. Moody is owed $10,000 in penalties for these violations.

Accordingly, the underlying amount of taxable damages as of November 7, 2018 for Plaintiff B. Moody is: $94,008. Interest on these damages is 9% per annum. CPLR § 5004. Accordingly, as of November 7, 2020, Plaintiff B. Moody is owed $16,921 in interest (($94,008 x .09) x 2). Plaintiff B. Moody will round down the remaining period of November 7, 2020-December 17, 2020 (the date the within motion is made) to 1.25 months, which comes to $881 in interest for that time period. ((($94,008 x. .09)/12) x 1.25).

Accordingly, as of the date of this motion, Plaintiff B. Moody is entitled to and requests the issuance of an Order and Judgment against Defendants in the amount of: $121,810 ($94,008 + $16,921 + 881 + 10,000).

### K. O'Brien

As of November 2, 2018, Defendants owed K. O'Brien $20,198.63 in loans due as of or before that date. Affidavit of K. O'Brien, annexed hereto as Exhibit 11, ¶ 3.

As of November 2, 2018, K. O'Brien was owed three months of compensation at the rate of $7,000 per month, for a total of $21,000 in lost wages. These wages represent the period of July-October 2018, during which period K. O'Brien worked full time for Defendants. Id. ¶ 4.

Defendants memorialized and acknowledged these outstanding payments owed in the total amount of $41,198.63 in their A/P Aging Summary of November 2, 2018. Ex. 9. Defendants have made no payments on these debts to date. Ex. 11 ¶ 5.

K. O'Brien was hired as an employee of Defendants in July 2018. Upon hire, Defendants failed to provide K. O'Brien with a notice including rate of pay, how he was to be paid, regular payday, official name of the employer and doing business as names, address and phone number of the employer's main office or principal location, and allowances taken as part of the minimum wage.

Likewise, each time K. O'Brien was (supposed to be) paid, Defendants failed to include the requisite information identified in ¶ 39.

K' O'Brien is owed $50/day for each violation of the Wage Theft Prevention Act notice requirements. Penalties for each such violation are capped at $5,000. These violations occurred for well-over 100 days. Defendants committed two different violations of the Wage Theft Prevention Act notice requirements, upon hire/change in compensation, and upon each regular payday. Accordingly, K. O'Brien is owed $10,000 in penalties for these violations.

K. O'Brien is also owed liquidated damages in the amount of 100% of the underlying failure to pay wages, in the amount of $21,000. Accordingly, as of November 2, 2018, Mr. O'Brien had $62,198.63 in damages (($21,000 x 2) + $20,198.63).

Interest on these damages is 9% per annum. CPLR § 5004. Accordingly, as of November 2, 2020, K. O'Brien is owed $11,195.75 in interest on these damages. (($62,198.63 x .09) x 2). K. O'Brien is owed an additional amount of $699.73 in interest on his damages from November 2, 2020 to the date of this motion (December 16, 2020). ((($62,198.63 x .09)/12) x1.5).

Accordingly, as of the date of this motion, Plaintiff K. O'Brien is entitled to and requests the issuance of an Order and Judgment against Defendants in the amount of: $84,094.11 ($62,198.63 + $11,195.75 + $699.73 + $10,000).

## Costs

Plaintiffs incurred costs in the amount of $400 for the filing fee in this matter. Receipt for filing fee payment annexed hereto as Exhibit 12.

Plaintiffs incurred costs in the amount of $73.30 for printing and service of process on Defendant Inspire Summits, LLC. Invoice annexed hereto as Exhibit 13.

Plaintiffs incurred costs in the amount of $143 for service of process on Defendant Christopher P. Skroupa. Invoice annexed hereto as Exhibit 14.

Accordingly, Plaintiffs are entitled to and request the issuance of an Order and Judgment against Defendants for costs in the amount of $616.30 ($400 + $73.30 + $143).

### Attorney's Fees

Counsel for Plaintiff specializes in Plaintiff-side employment litigation. *See* jbernsteinpc.com.

Counsel for Plaintiff graduated from New York University School of Law in the Spring of 2009 and was admitted to practice in January 2010. Counsel for Plaintiff has been practicing law – overwhelmingly in the subject area of employment litigation (with perhaps 5% at most dedicated to other civil rights claims) – for a little over ten years.

Counsel for Plaintiff has equivalent or superior experience than other attorneys of the same vintage, in part, by virtue of the fact that Counsel for Plaintiff put out his shingle one year out of law school. Counsel for Plaintiff has brought numerous suits through trial, has successfully engaged in dispositive and other motion practice, has settled large volumes of claims, and has engaged in successful appellate practice. *See* jbernsteinpc.com/recent-decisions.

Counsel for Plaintiff's hourly rate is $400/hr. Annexed hereto as Exhibit 15 is a sample redacted (unexecuted) retainer agreement (excluding client's bill of rights) from 2+ years ago memorializing a $400 hourly rate. This agreement was executed and subsequently extended to a retainer for filing and prosecuting an administrative charge of discrimination, ultimately resulting in billings in the amount of approximately $40,000, and a successful settlement for the client with a payment to the client an order of magnitude higher than the attorney's fees paid. At your

Honor's discretion, Counsel would have no problem securing a letter from this former client and/or consent to file an unredacted version of the retainer agreement under seal.

While counsel for Plaintiff's actual hourly rate is $400, counsel is seeking a $350 rate as consistent with comparative awards in this District. *See e.g. Brady v. Wal-Mart Stores, Inc.*, 455 F.supp.2d 157, 208 (E.D.N.Y.) (S.D.N.Y. 2006) (awarding partner with comparable years of experience at time of award to Plaintiff's experience here $350/hr over 15 years ago). As Counsel for Plaintiff is a solo practitioner and handled all aspects of this litigation, the partner rate is appropriate.

Annexed hereto as Exhibit 16 are Counsel for Plaintiff's contemporaneous time records. Total time requested is 1,295 minutes, which comes to 21.6 hours. At a lodestar rate of $350/hr, this total comes to $7,560. The hours requested are extremely conservative and omit all communications for the purposes of negotiation, along with virtually every client communication in this matter (counsel for Plaintiff has exchanged well-over 100 emails in this matter, and has spoken on the phone with Plaintiffs 25+ times). Accordingly, Counsel for Plaintiff respectfully requests that your Honor award the above amount in attorney's fees as fair and reasonable.

## CONCLUSION

For all the foregoing reasons, Plaintiffs respectfully request that this Court grant their motion for Default Judgment against all Defendants.

Dated: December 17, 2020

                                                 Josh Bernstein, P.C.
                                                 *Counsel for Plaintiffs*

By:_____/s/_____
                Joshua Alexander Bernstein
                      175 Varick Street
                   New York, NY 10014
                       (646) 308-1515
               jbernstein@jbernsteinpc.com