## SETTLEMENT AGREEMENT AND RELEASE

**Inspire Summits, LLC and Christopher P. Skroupa** ("Defendants") and **Bradley Moody and Kevin O'Brien** ("Plaintiffs") (each a "Party" and together the "Parties"), agree as follows:

WHEREAS Plaintiffs brought suit against Defendants in the United States District Court for the Southern District of New York, No. 20-CV-5834,

WHEREAS Defendants believe that they have valid defenses to Plaintiffs' claims under the Fair Labor Standards Act and the New York Labor Law, including that both Plaintiffs are "exempt" employees under both statutes and that the moneys Plaintiffs seek to recover are not cognizable or recoverable damages under either statute, and that they have employment-related counterclaims/offsets that would materially reduce any amounts that Plaintiffs claim in the above-referenced civil action,

NOW, THEREFORE, in consideration of the mutual covenants set forth below, the Parties agree as follows:

**1. Consideration:** In consideration for signing this Agreement and complying with its terms, and voluntarily dismissing the above-referenced action with prejudice, Defendants shall deliver to Plaintiffs and their counsel:

   a. To Plaintiff Bradley Moody ("B. Moody") payments in the aggregate amount of fifty-thousand dollars ($50,000), to be disbursed as described in section 2 of this Agreement;

   b. To Plaintiff Kevin O'Brien ("K. O'Brien") payments in the aggregate amount of fifty-two thousand and five-hundred dollars ($52,500), to be disbursed as described in section 2 of this Agreement;

**2. Timing and form of Disbursements:**

   a. Within seven (7) days of the Court's "So-Order" of this Agreement, Defendants will provide (meaning that Defendants will deposit in the mail such checks by the dates set forth below, utilizing a mailing method that provides proof of post date such as Fedex, UPS, or USPS certified mail) to Plaintiffs and their counsel:

   i. One check in the amount of eight thousand three hundred and thirty-three dollars ($8,333) made out to "Bradley Moody", to be delivered to "Bradley Moody" at 29 Middlebush Road, Wappingers Falls, NY 12590;
   ii. One check in the amount of eight thousand three hundred and thirty-three dollars ($8,333) made out to "Kevin O'Brien", to be delivered to "Bradley Moody" at 29 Middlebush Road, Wappingers Falls, NY 12590;
   iii. One check in the amount of eight thousand three hundred and thirty-three dollars ($8,333) made out to "Josh Bernstein P.C.", to be delivered to "Josh Bernstein" at 13 Hillside Avenue, Glen Ridge, NJ 07028;

b. Within sixty-seven (67) days of the Court's "So-Order" of this Agreement, Defendants will provide to Plaintiffs and their counsel:

   i. One check in the amount of eight thousand three hundred and thirty-three dollars ($8,333) made out to "Bradley Moody", to be delivered to "Bradley Moody" at 29 Middlebush Road, Wappingers Falls, NY 12590;
   ii. One check in the amount of eight thousand three hundred and thirty-three dollars ($8,333) made out to "Kevin O'Brien", to be delivered to "Bradley Moody" at 29 Middlebush Road, Wappingers Falls, NY 12590;
   iii. One check in the amount of eight thousand three hundred and thirty-three dollars ($8,333) made out to "Josh Bernstein P.C.", to be delivered to "Josh Bernstein" at 13 Hillside Avenue, Glen Ridge, NJ 07028;

c. Within ninety-seven (97) days of the Court's "So-Order" of this Agreement, Defendants will provide to Plaintiffs and their counsel:

   i. One check in the amount of four thousand one-hundred and sixty-seven dollars ($4,167) made out to "Bradley Moody", to be delivered to "Bradley Moody" at 29 Middlebush Road, Wappingers Falls, NY 12590;
   ii. One check in the amount of four thousand one-hundred and sixty-seven dollars ($4,167) made out to "Kevin O'Brien", to be delivered to "Bradley Moody" at 29 Middlebush Road, Wappingers Falls, NY 12590;
   iii. One check in the amount of four thousand one-hundred and sixty-seven dollars ($4,167) made out to "Josh Bernstein P.C.", to be delivered to "Josh Bernstein" at 13 Hillside Avenue, Glen Ridge, NJ 07028;

d. Within one-hundred and twenty-seven (127) days of the Court's "So-Order" of this Agreement, Defendants will provide to Plaintiffs and their counsel:

   i. One check in the amount of four thousand one-hundred and sixty-seven dollars ($4,167) made out to "Bradley Moody", to be delivered to "Bradley Moody" at 29 Middlebush Road, Wappingers Falls, NY 12590;
   ii. One check in the amount of four thousand one-hundred and sixty-seven dollars ($4,167) made out to "Kevin O'Brien", to be delivered to "Bradley Moody" at 29 Middlebush Road, Wappingers Falls, NY 12590;
   iii. One check in the amount of four thousand one-hundred and sixty-seven dollars ($4,167) made out to "Josh Bernstein P.C.", to be delivered to "Josh Bernstein" at 13 Hillside Avenue, Glen Ridge, NJ 07028;

e. Within one-hundred and fifty-seven (157) days of the Court's "So-Order" of this Agreement, Defendants will provide to Plaintiffs and their counsel:

   i. One check in the amount of four thousand one-hundred and sixty-seven dollars ($4,167) made out to "Bradley Moody", to be delivered to "Bradley Moody" at 29 Middlebush Road, Wappingers Falls, NY 12590;

- ii. One check in the amount of four thousand one-hundred and sixty-seven dollars ($4,167) made out to "Kevin O'Brien", to be delivered to "Bradley Moody" at 29 Middlebush Road, Wappingers Falls, NY 12590;
- iii. One check in the amount of four thousand one-hundred and sixty-seven dollars ($4,167) made out to "Josh Bernstein P.C.", to be delivered to "Josh Bernstein" at 13 Hillside Avenue, Glen Ridge, NJ 07028;

f. Within one-hundred and eighty-seven (187) days of the Court's "So-Order" of this Agreement, Defendants will provide to Plaintiffs and their counsel:

- i. One check in the amount of four thousand one-hundred and sixty-seven dollars ($4,167) made out to "Bradley Moody", to be delivered to "Bradley Moody" at 29 Middlebush Road, Wappingers Falls, NY 12590;
- ii. One check in the amount of five thousand eight-hundred and thirty-one dollars ($5,831) made out to "Kevin O'Brien", to be delivered to "Bradley Moody" at 29 Middlebush Road, Wappingers Falls, NY 12590;
- iii. One check in the amount of five thousand dollars ($5,000) made out to "Josh Bernstein P.C.", to be delivered to "Josh Bernstein" at 13 Hillside Avenue, Glen Ridge, NJ 07028.

**3. Mutual General Release of All Claims.** Plaintiffs and Defendants, their heirs, executors, administrators, successors and assigns, knowingly and voluntarily releases and forever discharges Plaintiffs and Defendants, their heirs, executors, administrators, successors and assigns, and affiliates, subsidiaries, divisions, predecessors, insurers, successors and assigns, and their current and former employees, attorneys, officers, directors and agents thereof, both individually and in their business capacities, of and from any and all claims, known and unknown, asserted or unasserted, which Plaintiffs have or may have against Defendants, and which Defendants have or may have against Plaintiffs, including, but not limited to, any alleged violation of any federal laws including: *The Fair Labor Standards Act, The New York Labor Law, Title VII of the Civil Rights Act of 1964; The Civil Rights Act of 1991*; Sections 1981 through 1988 of Title 42 of the United States Code; *The Employee Retirement Income Security Act of 1974* ("ERISA")(except for any vested benefits under any tax qualified benefit plan);*The Immigration Reform and Control Act; The Americans with Disabilities Act of 1990,* as amended; *The Age Discrimination in Employment Act of 1967* ("ADEA"); *The Workers Adjustment and Retraining Notification Act; The Fair Credit Reporting Act; The Family and Medical Leave Act; The Occupational Safety and Health Act; The Sarbanes-Oxley Act of 2002*; all New York and other state laws and any local law, rule, regulation or ordinance; any public policy, contract, tort, or common law; or any basis for recovering costs, fees, or other expenses including attorneys' fees incurred in these matters.

**4. Governmental Agencies.** Nothing in this Agreement prohibits or prevents Plaintiffs from filing a charge with or participating, testifying, or assisting in any investigation, hearing, or other proceeding before any federal, state, or local government agency. However, to the maximum extent permitted by law, Plaintiffs agree that if such an administrative claim is made, they shall not be entitled to recover any individual monetary relief or other individual remedies.

**5. Governing Law and Interpretation.** This Agreement shall be governed and conformed in accordance with the laws of the State of New York without regard to its conflict of laws provision. In the event of a breach of any provision of this Agreement, any party may institute an action specifically to enforce any term or terms of this Agreement and/or to seek any damages for breach. Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the general release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

**6. Recitations.** Defendants aver and acknowledge that they currently possess sufficient funds to satisfy the initial payment described in section 2(a) of this Agreement, and that Defendants have current or prospective bookings and/or incoming funds sufficient to satisfy their remaining obligations under this agreement, and aver and acknowledge that they in good-faith believe they will possess and disburse the remaining payments under this Agreement within the timeframe specified in section 2 of this Agreement.

**7. Non-admission of Wrongdoing.** The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission of wrongdoing or evidence of any liability or unlawful conduct of any kind

**8. Mutual Non-Disparagement.** Each Party agrees that while they acknowledge and agree that this Agreement must be submitted to the Court for approval, that they will not disparage any other Party, including without limitation regarding the subject matter of their dispute as reflected in this civil action. Each Party also represents and warrants that they have not, in the past, publicly posted any disparaging comments or reviews about any other Party, including without limitation glassdoor.com, and otherwise shall have thirty (30) days from the date the Court "so orders" this agreement to remove any such posts over which they have such control.

**9. Entire Agreement.** This Agreement sets forth the entire agreement between Plaintiffs and Defendants, and supersedes any prior agreements or understandings between the parties. This Agreement may not be modified, altered or changed except in writing and signed by all parties wherein specific reference is made to this Agreement.

**10. Court Approval and Jurisdiction to Enforce Agreement.**

   a. The parties acknowledge and agree that because this Agreement includes the release of claims under the Fair Labor Standards Act, Court Approval is required. The parties will submit a letter concurrent with submission of this Agreement to the Court describing the underlying Fair Labor Standards Act Claims, and why this agreement and the payments made thereunder are sufficient and fair consideration for release of such claims;
   b. The parties acknowledge and request that the United States District Court for the Southern District of New York will retain jurisdiction over this settlement agreement for the purposes of enforcing this settlement agreement.

**11. Notice and Cure; Confession of Judgment.** Annexed hereto as Exhibit A is an Affidavit for Judgment by Confession by Defendants in favor of Plaintiffs in the amount described in section 1 of this Agreement. Execution of Exhibit A is a condition precedent to this agreement, and this Agreement is not effective without such execution and provision of the Affidavit for Judgment to counsel for Plaintiff. Counsel for Plaintiff will not file and will hold such Affidavit for Judgment by Confession in escrow until the final payment is made under this agreement, at which time counsel for Plaintiff will return the Affidavit for Judgment by Confession to counsel for Defendants. If Defendants fail to timely make any payment provided for under this agreement, Plaintiffs' counsel shall provide written notice, by email from Josh Bernstein at [jbernsteinpc@gmail.com] to Defendants' counsel Adam Engel at [aee@elgpllc.com], and Defendants shall have three (3) business days to cure such missed payment, not including the date of the notice, without penalty, followed by ten (10) business days, without any additional notice, to make such missed payment plus a penalty of $500.00 per Plaintiff per missed payment not cured within three (3) days as set forth above, and if not cured at the end of those two periods, Plaintiffs will be free to file the Affidavit for Judgment by Confession with the County Clerk and any other applicable authority, and will be free to take any action necessary to secure or enforce such judgment. A failure to timely make any payment provided for under this agreement will not extend, alter, or affect the due date of any subsequent payment due.

**12. Execution by Counterpart.** This Agreement may be executed in more than one counterpart, each of which shall be deemed an original, but all of which shall constitute the same instrument.

The Parties knowingly and voluntarily sign this Agreement as of the date(s) set forth below:

Plaintiffs:

By: _____
Bradley Moody

Date: February 12, 2021

By: _____
Kevin O'Brien

Date: 02/12/2021

Defendants:

By: _____
Inspire Summits, LLC

Date: February 12, 2021

By: _____
Christopher P. Skroupa

Date: February 12, 2021

**SO ORDERED:**

Date: _____

_____
The Honorable Gregory H. Woods

5