Case 1:20-cv-05834-GHW   Document 42   Filed 02/13/21   Page 1 of 4

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/13/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
B. MOODY and K. O'BRIEN,

                Plaintiffs,

-against-

INSPIRE SUMMITS LLC and CHRISTOPHER P. SKROUPA,

                Defendants.
------------------------------------------------------------------X

1:20-cv-05834-GHW

ORDER

GREGORY H. WOODS, United States District Judge:

The parties have informed the Court that they have reached a settlement in this case, which includes claims arising under the Fair Labor Standards Act (the "FLSA"). The Court has received and reviewed the parties' February 12, 2021 joint letter and proposed settlement agreement. Dkt. Nos. 40 and 41. The Court does not have enough information at this time to properly assess the parties' proposed settlement agreement, and therefore declines to approve it.

The parties are directed to proceed in one of the two ways described below. The first alternative describes the process that the parties must follow if they wish to dismiss FLSA claims *with prejudice*. The second alternative describes a process that the parties may follow if they wish to dismiss FLSA claims *without prejudice*.

    (1)    *Judicial Approval and Order of Dismissal of FLSA Claims with Prejudice under Rule 41(a)(2)*. In light of the decision of the Second Circuit Court of Appeals in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), which held that the FLSA falls within the "applicable federal statute" exception to Federal Rule of Civil Procedure 41(a)(1)(A), the parties cannot dismiss claims arising under the FLSA *with prejudice* pursuant to Rule 41(a)(1)(A). The holding of *Cheeks* does not apply to claims arising under any statute other than the FLSA. As a result, in order to dismiss an FLSA claim *with prejudice*, the parties must seek court approval of the proposed dismissal under Rule 41(a)(2). In order to seek such approval, the parties are directed to proceed as follows:

(a) First, the parties are ORDERED to discuss whether they are willing to consent, under 28 U.S.C. § 636(c), to conducting all further proceedings before the assigned Magistrate Judge. If both parties consent to proceed before the Magistrate Judge, the parties must, no later than **March 1, 2021**, file on ECF a fully executed Notice, Consent, and Reference of a Civil Action to a Magistrate Judge form, a copy of which is attached to this order (and is also available at https://nysd.uscourts.gov/sites/default/files/2018-06/AO-3.pdf). The executed form should be filed on ECF as a "Proposed Order," and be described using the "Consent Order" filing event in accordance with ECF Rule 13.18. If the Court approves that form, all further proceedings, including the evaluation of the proposed settlement, will then be conducted before the assigned Magistrate Judge rather than before me. Any appeal would be taken directly to the United States Court of Appeals for the Second Circuit, as it would be if the consent form were not signed and so ordered.

If either party does not consent to conducting all further proceedings before the assigned Magistrate Judge, the parties must file a joint letter, no later than **March 1, 2021**, advising the Court that the parties do not consent, **but without disclosing the identity of the party or parties who do not consent**. The parties are free to withhold consent without negative consequences.

(b) Second, if the parties do *not* consent to conduct all further proceedings before the assigned Magistrate Judge, they shall instead submit to the Court by **March 8, 2021** a joint motion via ECF setting forth their views as to why their settlement is fair and should be approved. The motion must address the considerations detailed in *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332 (S.D.N.Y. 2012), and must include a copy of the settlement agreement itself, attached as an exhibit. *The parties are advised that the Court will not approve settlement agreements that contain a confidentiality provision, and that the Court will not permit the parties to file any portion of any document related to the Court's evaluation of the proposed settlement under seal unless they have first made a particularized showing of the need for the relevant information to be sealed that rebuts the presumption of public access to judicial documents.*

If the settlement includes attorney's fees, the parties should also address the reasonableness of the fees to be awarded under the framework set forth in *Goldberger v. Integrated Resources, Inc.*, 209 F.3d 43, 50 (2d Cir. 2000). Plaintiffs' attorneys must also attach as an exhibit detailed attorney time records for the Court's review, as the Second Circuit "encourage[s] the practice of requiring documentation of hours as a 'cross check'" even in cases in which the fees awarded are a percentage of the total award. *Id.* (citation omitted).

  (2) *Stipulation of Dismissal Without Prejudice under Rule 41(a)(1)(A).* The court in *Cheeks* expressly reserved decision with respect to voluntary dismissals of FLSA claims without prejudice under Rule 41(a)(1)(A). As a result, the Court will accept a stipulation of dismissal under Rule 41(a)(1)(A), so long as the parties' stipulation of dismissal dismisses claims arising under the FLSA *without prejudice*. If the parties wish to resolve the case by a stipulation that dismisses FLSA claims *without prejudice* under Federal Rule of Civil Procedure 41(a)(1)(A), they are directed to submit such a stipulation by **March 1, 2021**. The executed stipulation should be filed on ECF as a "Proposed Order," and be described using the "Stipulation of Voluntary Dismissal" filing event in accordance with ECF Rule 13.18.

  SO ORDERED.

Dated: February 13, 2021

                             GREGORY H. WOODS
                             United States District Judge

AO 85 (Rev. 01/09) Notice, Consent, and Reference of a Civil Action to a Magistrate Judge

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| | ) | |
|---|---|---|
| _____ | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| _____ | ) | |
| *Defendant* | ) | |

**NOTICE, CONSENT, AND REFERENCE OF A CIVIL ACTION TO A MAGISTRATE JUDGE**

*Notice of a magistrate judge's availability.* A United States magistrate judge of this court is available to conduct all proceedings in this civil action (including a jury or nonjury trial) and to order the entry of a final judgment. The judgment may then be appealed directly to the United States court of appeals like any other judgment of this court. A magistrate judge may exercise this authority only if all parties voluntarily consent.

You may consent to have your case referred to a magistrate judge, or you may withhold your consent without adverse substantive consequences. The name of any party withholding consent will not be revealed to any judge who may otherwise be involved with your case.

*Consent to a magistrate judge's authority.* The following parties consent to have a United States magistrate judge conduct all proceedings in this case including trial, the entry of final judgment, and all post-trial proceedings.

| *Parties' printed names* | *Signatures of parties or attorneys* | *Dates* |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

**Reference Order**

**IT IS ORDERED:** This case is referred to a United States magistrate judge to conduct all proceedings and order the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

Date: _____    _____
*District Judge's signature*

_____
*Printed name and title*

Note: Return this form to the clerk of court only if you are consenting to the exercise of jurisdiction by a United States magistrate judge. Do not return this form to a judge.

Print    Save As...    Reset