UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| B. MOODY and K. O'BRIEN,<br><br>                              Plaintiffs,<br><br>         - against -<br><br>INSPIRE SUMMITS LLC and CHRISTOPHER P. SKROUPA,<br><br>                              Defendants. | Civil Action No.:  1:20-cv-05834 (GHW)<br><br>**ENGEL REPLY DECLARATION IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO COMPEL** |

I, Adam Engel, declare and state as follows:

1.       I am the principal of The Engel Law Group, PLLC, and am duly admitted to the courts of the State of New York and the United States District Court for the Southern District of New York.

2.       This Declaration is based on my personal knowledge of the facts stated herein, or on court records in this case, or publicly available government records, and/or Defendants' business records that I understand were made in the ordinary course of Defendants' business.

3.       Attached hereto as Exhibit A is a true and correct PDF conversion of the March 4 email from Plaintiffs' counsel to me enclosing Plaintiffs' amended discovery responses, sent at 8:14pm, less than 30 minutes before Plaintiffs filed their opposition brief, in which Plaintiffs' counsel states, yet again, that "Interrogatory certifications will be forthcoming shortly."

4.       Attached hereto as Exhibit B is a true and correct copy of Plaintiffs' March 4, 2022 "Amended Response to Defendants' First Request for Production of Documents," attached to the above email.

5.       Attached hereto as Exhibit C is a true and correct copy of Plaintiffs' March 4, 2022 "Amended Response to Defendants' First Set of Interrogatories," attached to the above

email, which were still unsigned by either of the Plaintiffs.

6.      Attached hereto as Exhibit D is a true and correct copy of Plaintiffs' March 8, 2022 second "Amended Response to Defendants' First Set of Interrogatories," which include "certifications" that purportedly comply with Rule 33.

7.      Attached hereto as Exhibit E is a true and correct copy of a PDF print conversion of Plaintiffs' March 8, 2022 second "Amended Response to Defendants' First Set of Interrogatories," [Exh. D, above] showing the "comments" on the original PDF, which original PDF was presumably an unsigned draft version provided by Plaintiffs' counsel to Plaintiffs.  The changes made on the signature pages of this document show up as "comments," and appear to include input from Bradley Moody only, despite the document purportedly being signed by both Moody and O'Brien.  As such, it appears that Moody may have added signatures, which appear to be electronically added, on Plaintiffs' most recent interrogatory responses on behalf of himself as well as Mr. O'Brien.

8.      Attached hereto as Exhibit F is a true and correct copy of Defendants' October 4, 2021 First Set of Interrogatories from Defendants to Plaintiffs, including the instruction that "these Interrogatories cover the time period from January 1, 2018 through the present."

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed March 17, 2022 in Bondville, Vermont.

Adam Engel

EXHIBIT A

**aee@elgpllc.com**

| | |
|---|---|
| **From:** | J B <jbernsteinpc@gmail.com> |
| **Sent:** | Friday, March 4, 2022 8:14 PM |
| **To:** | Adam Engel |
| **Subject:** | Supplemental discovery materials |
| **Attachments:** | Amended Moody P Responses to D. Interrogatories.pdf; P Amended Doc Req Responses Moody.pdf |

Please find enclosed Plaintiff's Amended responses to Defendants' RFPs and interrogatories. Interrogatory certifications will be forthcoming shortly.

--
Josh Bernstein
Josh Bernstein P.C.
160 Varick Street, 3rd Fl.
New York, NY 10013

EXHIBIT B

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____

|  |  |
|---|---|
| B. MOODY, K. O'BRIEN, | ) |
|  | ) |
|  | )     Index No. 20-CV-5834 |
|  | ) |
| Plaintiffs, | ) |
|  | ) |
| v. | ) |
|  | ) |
| INSPIRE SUMMITS, LLC, | ) |
| CHRISTOPHER P. SKROUPA, | ) |
|  | ) |
| Defendants. | ) |

_____

**Plaintiffs' Amended Response to Defendants' First Request for Production of Documents**

     Plaintiffs B. Moody & K. O'Brien ("Plaintiffs"), pursuant to Federal Rules of Civil

Procedure 26 and 34, by their attorneys Josh Bernstein, P.C., provides the following responses

and objections to Defendants' first notice to produce documents ("Document Requests"):

<h2 style="text-align:center">QUALIFICATIONS AND GENERAL OBJECTIONS</h2>

     Plaintiffs object to Defendants' Document Requests to the extent that they request

documents that are privileged, that were prepared in anticipation of litigation or constitute

attorney work product, that are protected by the attorney-client privilege or that are otherwise

immune from discovery.  Inadvertent identification or production of such information or

documents shall not constitute a waiver of any privilege with respect to the subject matter thereof

or the information contained therein, and shall not waive Plaintiffs' right to object to the use of

any such document or the information contained therein.

     Responses set forth herein are made without prejudice to, and without waiving Plaintiffs'

right to object on the grounds of competency, relevancy, materiality, or any other proper ground,

to the use of any information which may hereinafter be provided or produced in response to

Defendants' Document Requests, for any purpose, in whole or in part, in any subsequent step or proceeding in this action or any other action.

Plaintiffs' production of documents is subject to and contingent upon claw-back: Plaintiffs produce documents to Defendants on the condition that when notified by Plaintiffs or Plaintiffs' counsel that Plaintiffs have inadvertently or mistakenly produced documents, or has produced documents subject to a privilege, Defendants will segregate such documents, refrain from examining, perusing, reading, or otherwise scrutinizing such documents, and will return such documents to Plaintiffs' counsel forthwith without retaining copies of said documents.

Plaintiffs object to the Document Requests to the extent that they purport to impose burdens or duties upon Plaintiffs that exceed the requirements and permissible scope of discovery authorized by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Southern District of New York, the General Orders of the United States District Court for the Southern District of New York, and/or the individuals rules of the Judge and Magistrate Judge assigned to this case.

Plaintiffs object to the Document Requests to the extent that they request documents already within the possession of the Defendants and/or that Defendants have produced to Plaintiffs. Plaintiffs will endeavor to indicate, where appropriate, documents that were produced by Defendants to Plaintiffs that may be responsive to a given Discovery Request, but will not re-produce such documents to Defendants on the basis that such production would be overly burdensome.

Plaintiffs' response is based on the best information presently available, and Plaintiffs reserve the right to amend or to supplement their response if they obtain other or additional

information, but states that they are not obligated to produce documents created after the date of this response.

The following responses are based upon information presently known to be available to the Plaintiffs, and except where explicit facts are admitted herein, no incidental or implied admissions are intended.  That fact that Plaintiffs have answered part or all of any request in Defendants' Document Requests is not intended and shall not be construed by Defendants as a waiver by Plaintiffs of all or any part of any objection to any request.

Plaintiffs' obligation to respond to the Document Requests is defined by the objections and limitations contained therein.

Plaintiffs reserve all objections to the relevancy and materiality of any and all of the Document Requests.

Plaintiffs object to the Document Requests to the extent that they call for the production of documents or seek information beyond the time frame relevant to this action.

Plaintiffs object to the Document Requests to the extent that they seek documents already in Defendants' possession or which are otherwise available as documents of public record on the ground that producing such documents would be unduly burdensome and unnecessary.

Plaintiffs object to the Discovery Requests to the extent that they seek private, confidential, or otherwise non-public information without the protection of a confidentiality stipulation and order.

Except as set forth herein, photocopies of relevant documents in the custody, control and possession of Plaintiff that are responsive to the Document Requests will be produced along with this response and objections.

# RESPONSES

1. All communications in which Moody discusses or describes his title, role, and/or primary duties at Skytop to any person.

> **Response:** Plaintiffs object to this request as overbroad and unduly burdensome. Notwithstanding the foregoing objections, see the annexed production. Moody has conducted a search for responsive documents for the time period of his employment with Defendants and subsequent to his employment with Defendants, and has produced responsive documents he has been able to locate, namely his resume and communications with prospective employers describing his role with Defendants..

2. Copies of all resumes, curriculum vitae, or other written descriptions of Moody's work history that Moody has sent to any employer or prospective employer, or headhunter or prospective headhunter, from January 1, 2017 through the present.

> **Response**: Plaintiffs object to this request as overbroad, unduly burdensome, and harassing. Notwithstanding the foregoing objections, please see the annexed production pertaining to the relevant time period. Moody's work history is not relevant to this matter, and the only responsive documents to this request that are relevant to this matter are those in which Moody has described his role with Defendants, which namely his resume and communications with prospective employers describing his role with Defendants, which have been produced. The relevant time period is during and subsequent to Moody's employment with Defendants to the extent Moody described in such documents his role with Defendants.

3. Copies of all communications between Moody and any person employed by Skytop, or on the Board at Skytop, after the date of Moody's termination from Skytop, alleged by Moody to be November 1, 2018, concerning the reason(s) for Moody's termination, or any violations of law (civil or criminal), or concerning any money that Moody alleged was owed to him by Skytop.

> **Response**: See the annexed production.

4. Copies of all invoices, receipts or other documents that evidence or reflect the expenses that Moody allegedly incurred in connection with his work for Skytop, and for which Moody has allegedly claimed reimbursement from Skytop, including as alleged at paragraphs 7, 9, and 12 of the Complaint.

> **Response**: Plaintiffs object to this request as overbroad, unduly burdensome, and harassing, particularly as Moody has already provided such documents to Defendants and they are already in Defendants possession. Notwithstanding the foregoing objections, see the annexed production. Moody is not withholding any documents responsive to this request, and the objections relate to Defendants' requesting documents they already possess.

5. All documents, including all communications, concerning Moody's allegation, at paragraph 8 of the Complaint, that he was "given a raise in April 2018."

    **Response**: See the annexed production.

6. All documents concerning the Company Car, for the period June 1, 2018 through the present, including without limitation any and all parking tickets, any tolls incurred and/or paid, any damage(s) to the Company Car, including as alleged in Defendants' Answer and Counterclaims [66] at paragraph 11 and 28-30.

    **Response**: Plaintiffs object to this request as overbroad and unduly burdensome. Notwithstanding the foregoing objections, see the annexed production. Moody is not withholding any responsive document he possesses, and the objections within are related to Defendants requesting documents they already possess.

7. All communications between Moody and any other person, for the period June 1, 2018 through the present, concerning the Company Car, including without limitation whether and when Moody was required to return the Company Car to Skytop, including without limitation Skytop's demands that Moody return the Company Car to Skytop, including as alleged in Defendants' Answer and Counterclaim at paragraph 10.

    **Response**: Plaintiffs object to this request as overbroad and unduly burdensome. Notwithstanding the foregoing objections, see the annexed production. Moody is not withholding any responsive document he possesses, and the objections within are related to Defendants requesting documents they already possess.

8. All documents in which Moody referred to or described O'Brien as a consultant for Skytop.

    **Response**: Plaintiffs possess no responsive documents.

9. All documents in which Moody referred to or described O'Brien as an employee of Skytop.

    **Response**: Plaintiffs possess no responsive documents.

10. All communications between Moody and O'Brien concerning the terms of O'Brien's retention by Skytop, not including O'Brien's position on Skytop's Board.

    **Response**: Plaintiffs possess no responsive documents.

11. All communications in which O'Brien discusses or describes his role at, with, or on behalf of Skytop, or the scope of his retention by Skytop, or his duties and responsibilities on behalf of or in connection with Skytop.

    **Response:** Plaintiffs possess no responsive documents.

12. Copies of all resumes, curriculum vitae, or other written descriptions of O'Brien's work history that O'Brien has sent to any employer or prospective employer, or headhunter or prospective headhunter, or client or prospective client, from January 1, 2018 through the present.

> **Response**: Plaintiffs object to this request as overbroad, unduly burdensome, and harassing, as it calls for the production of documents that are irrelevant to this matter. O'Brien has not been able to locate any responsive documents referencing Skytop, which would be the only reason responsive documents would be relevant to this matter, but will produce any such documents if they are located.

13. Copies of all documents concerning the terms of O'Brien's engagement by, work with, on behalf of, or in connection with Skytop, as described in the Complaint and/or in Defendants' Answer and Counterclaims.

> **Response**: See the annexed production, which consists of charges and invoices concerning O'Brien's work with Defendants. O'Brien otherwise does not possess responsive documents, which would be presumably be within the possession of Defendants (i.e. O'Brien's work email, or other communications by Skroupa concerning O'Brien's work with Defendants).

14. Copies of all invoices O'Brien issued to Skytop.

> **Response**: See the annexed production.

15. Copies of all invoices, receipts or other documents that evidence or reflect the expenses that O'Brien allegedly incurred in connection with his work with Skytop, and for which O'Brien has allegedly claimed reimbursement from Skytop, including as alleged at paragraphs 15, 16, and 18.

> **Response**: See the annexed production.

16. Copies of all documents concerning O'Brien's retention by any person, from January 1, 2018 through the present, for sales consulting, human resources consulting, finance management consulting, or any other type of consulting, or for any other kind of service, including any invoices issued for such work, agreements concerning such work, and payments for such work.

> **Response**: Plaintiffs object to this request as overbroad, unduly burdensome, disproportional and harassing.

17. All documents or communications in which O'Brien referred to himself as a consultant for Skytop.

> **Response**: See the annexed production, which includes invoices from O'Brien utilizing the term consulting in connection with his work with Defendants.

18. All documents or communications in which O'Brien referred to himself as an employee of Skytop.

**Response**: See the annexed production, which includes invoices from O'Brien, to the extent they are responsive. Otherwise, O'Brien possesses no responsive documents, which would presumably be contained within his work email file.

19. All communications between O'Brien and any person at Fortune Empire concerning Skytop or Skroupa, including any actual or proposed business relationship between Fortune Empire and Skytop.

**Response**: Plaintiffs possess no responsive documents.

20. All documents concerning any actual or potential remuneration from Fortune Empire to O'Brien, including without limitation in connection with any actual or proposed business relationship between Fortune Empire and Skytop, and including in connection with any other business relationship between Fortune Empire and O'Brien.

**Response**: Plaintiffs possess no responsive documents.

21. All communications between O'Brien and any person concerning Skytop and/or Skroupa, including any actual or prospective investors or conference sponsors, partners, or attendees/delegates.

**Response**: Plaintiffs object to this request as overbroad and unduly burdensome. Notwithstanding the foregoing objections, see the annexed production, including a document related to a charge O'Brien made for a Skytop/Skroupa dinner for which we was never repaid. O'Brien otherwise does not possess responsive documents, which would presumably be contained within his work email file.

22. All documents concerning O'Brien's termination from Natixis.

**Response**: The premise of this request is false. Plaintiffs further object to this request as overbroad, unduly burdensome and harassing, and states he possesses no responsive documents.

23. All documents concerning O'Brien's meeting with Skroupa as alleged in Defendants' Answer and Counterclaims at paragraph 17-18.

**Response**: The paragraphs referenced in the Answer and Counterclaims are false in whole or in part. Notwithstanding the foregoing objections, Plaintiffs possess no responsive documents.

24. All documents concerning any unemployment claim(s) O'Brien has made in connection with his termination from Skytop.

**Response**: Plaintiffs object to this request as overbroad, unduly burdensome, and harassing. Such documents are wholly irrelevant to this matter.

25. Copies of any pitch materials or other presentation materials O'Brien sent to any person on behalf of or concerning Skytop.

    **Response**: Plaintiffs object to this request as overbroad, unduly burdensome, and harassing, as Defendants already possess such documents which would be contained in the company email. Notwithstanding the foregoing objections, Plaintiffs possess no responsive documents. O'Brien is not withholding any documents responsive to this request.

26. Copies of all documents identified in Plaintiffs' Initial Disclosures.

    **Response**: See the annexed production.

Dated: March 3, 2022.

Josh Bernstein, P.C.
*Counsel for Plaintiffs*

By:_____/s/_____
Joshua Alexander Bernstein

160 Varick Street
New York, NY 10013
(646) 308-1515
jbernstein@jbernsteinpc.com

EXHIBIT C

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| B. MOODY, K. O'BRIEN, | ) |
| | ) |
| | ) Index No. 20-CV-5834 |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| INSPIRE SUMMITS, LLC, | ) |
| CHRISTOPHER P. SKROUPA, | ) |
| | ) |
| Defendants. | ) |

## <u>Plaintiffs' Amended Response to Defendants' First Set of Interrogatories</u>

Plaintiffs B. Moody & K. O'Brien ("Plaintiffs") pursuant to Federal Rules of Civil Procedure 26 and 33, by their attorneys Josh Bernstein, P.C., provides the following responses and objections to Defendants' first set of Interrogatories.

## QUALIFICATIONS AND GENERAL OBJECTIONS

Plaintiffs object to Defendants' First Set of Interrogatories to the extent that they request information or seek the production of documents that are privileged, that were prepared in anticipation of litigation or constitute attorney work product, that are protected by the attorney-client privilege or that are otherwise immune from discovery.  Inadvertent identification or production of such information or documents shall not constitute a waiver of any privilege with respect to the subject matter thereof or the information contained therein, and shall not waive Plaintiff's right to object to the use of such document or the information contained therein.

Plaintiffs object to the interrogatories to the extent that they purport to impose burdens or duties upon Plaintiffs that exceed the requirements and permissible scope of discovery

authorized by the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Southern District of New York.

Plaintiffs' responses are based on the best information presently available. Plaintiffs reserve the right to amend or supplement their responses if they obtains other or additional information.

Plaintiffs' obligations to respond to the interrogatories is defined by the objections and limitations contained herein. Plaintiffs object to the interrogatories to the extent that they call for the production of documents or seek information beyond the time frame relevant to this action. Plaintiffs object to the interrogatories to the extent that they seek documents already in Defendants' possession or which are otherwise available as documents of public record on the ground that producing such documents would be unduly burdensome and unnecessary. Plaintiffs object to the interrogatories to the extent that they exceed the number of interrogatories permitted pursuant to Federal Rule of Civil Procedure 33(a)(1).

The answers set forth here are made without prejudice to, and without waiving, the following: Plaintiffs' right to object on the grounds of competency, privilege, relevancy, materiality, or any other proper ground, to the use of any information which may be provided or produced in response to Defendants' First Set of Interrogatories, for any purpose, in whole or in part, in any subsequent step or proceeding in this action or any other action; Plaintiffs' right to object on any and all grounds at any time to other discovery procedures involving or relating to the subject matter of Defendants' First Set of Interrogatories herein answered; Plaintiffs' right to provide, at any time, supplements, additions, revisions, corrections, or clarifications with respect to any of the information provided, or the answers or objections made, in response to Defendants' First Set of Interrogatories.

The following answers are based upon information presently known to be available to Plaintiffs, and except where explicit facts are admitted herein, no incidental or implied admissions are intended.  The fact that Plaintiffs have answered any part hereof should not be taken as an admission that Plaintiffs accept or admit the existence of any facts set forth or presumed by Defendants' First Set of Interrogatories or that such answers constitute admissible evidence.  The fact that Plaintiffs have answered part or all of any request in Defendants' First Set of Interrogatories is not intended and shall not be construed by Defendants as a waiver by Plaintiffs of all or any part of any objection to any request.

## REPONSE TO INTERROGATORIES

1. Identify each communication medium that each Plaintiff has used to send or receive communications concerning any matter within the scope of this action, including the Plaintiffs' claims and defenses, the Defendants' counterclaims and defenses, the discovery requests of the parties, and all matters related thereto.

> **Response**: Plaintiffs object that this interrogatory is beyond the scope or interrogatories permitted by the Local Rules for the United States District Court for the Southern District of New York. Notwithstanding the foregoing objections, Plaintiffs communicated concerning matters within the scope of this action by telephone, email, and linkedin messaging.

2. Identify each person for whom Moody has worked in exchange for money or other compensation, whether as an employee, independent contractor, consultant or otherwise.

> **Response**: Plaintiffs object that this interrogatory is beyond the scope or interrogatories permitted by the Local Rules for the United States District Court for the Southern District of New York. Plaintiffs further object that this interrogatory is wildly overbroad, unduly burdensome, and harassing.

3. Identify each person for whom O'Brien has worked in exchange for money or other compensation, whether as an employee, independent contractor, consultant, or otherwise.

> **Response**: Plaintiffs object that this interrogatory is beyond the scope or interrogatories permitted by the Local Rules for the United States District Court for the Southern District of New York. Plaintiffs further object that this interrogatory is wildly overbroad, unduly burdensome, and harassing.

4. Identify all prospective and/or current employers, or any other person, to whom

Moody has sent his resume, curriculum vitae, or similar document.

>    **Response**: Plaintiffs object that this interrogatory is beyond the scope or interrogatories permitted by the Local Rules for the United States District Court for the Southern District of New York. Plaintiffs further object that this interrogatory is wildly overbroad, unduly burdensome, and harassing.

5. Identify all persons whom Moody told he was a partner, equity holder, or high-level executive at Skytop.

>    **Response**: Plaintiffs object that this interrogatory is beyond the scope or interrogatories permitted by the Local Rules for the United States District Court for the Southern District of New York. Notwithstanding the foregoing, Plaintiff did not inform any person as such.

6. Identify each of O'Brien's current or former consulting clients.

>    **Response**: Plaintiffs object that this interrogatory is beyond the scope or interrogatories permitted by the Local Rules for the United States District Court for the Southern District of New York. Plaintiffs further object that this interrogatory is wildly overbroad, unduly burdensome, and harassing.

7. Identify each person at Fortune Empire with whom O'Brien has communicated, including in writing, and also including only in person, by telephone, or other non-written medium of communication.

>    **Response**: Plaintiffs cannot recall the information requested in this interrogatory.

Dated: March 4, 2022

Josh Bernstein, P.C.
*Counsel for Plaintiff*

By:_____/s/_____
Joshua Alexander Bernstein

160 Varick Street
New York, NY 10013
(646) 308-1515
jbernstein@jbernsteinpc.com

EXHIBIT D

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____

|  |  |
|---|---|
| B. MOODY, K. O'BRIEN, | ) |
| | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| INSPIRE SUMMITS, LLC, | ) |
| CHRISTOPHER P. SKROUPA, | ) |
| | ) |
| Defendants. | ) |

Index No. 20-CV-5834

_____

## Plaintiffs' Amended Response to Defendants' First Set of Interrogatories

Plaintiffs B. Moody & K. O'Brien ("Plaintiffs") pursuant to Federal Rules of Civil

Procedure 26 and 33, by their attorneys Josh Bernstein, P.C., provides the following responses

and objections to Defendants' first set of Interrogatories.

### QUALIFICATIONS AND GENERAL OBJECTIONS

Plaintiffs object to Defendants' First Set of Interrogatories to the extent that they request

information or seek the production of documents that are privileged, that were prepared in

anticipation of litigation or constitute attorney work product, that are protected by the attorney-

client privilege or that are otherwise immune from discovery.  Inadvertent identification or

production of such information or documents shall not constitute a waiver of any privilege with

respect to the subject matter thereof or the information contained therein, and shall not waive

Plaintiff's right to object to the use of such document or the information contained therein.

Plaintiffs object to the interrogatories to the extent that they purport to impose burdens or

duties upon Plaintiffs that exceed the requirements and permissible scope of discovery

authorized by the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Southern District of New York.

Plaintiffs' responses are based on the best information presently available.  Plaintiffs reserve the right to amend or supplement their responses if they obtains other or additional information.

Plaintiffs' obligations to respond to the interrogatories is defined by the objections and limitations contained herein.  Plaintiffs object to the interrogatories to the extent that they call for the production of documents or seek information beyond the time frame relevant to this action. Plaintiffs object to the interrogatories to the extent that they seek documents already in Defendants' possession or which are otherwise available as documents of public record on the ground that producing such documents would be unduly burdensome and unnecessary.  Plaintiffs object to the interrogatories to the extent that they exceed the number of interrogatories permitted pursuant to Federal Rule of Civil Procedure 33(a)(1).

The answers set forth here are made without prejudice to, and without waiving, the following: Plaintiffs' right to object on the grounds of competency, privilege, relevancy, materiality, or any other proper ground, to the use of any information which may be provided or produced in response to Defendants' First Set of Interrogatories, for any purpose, in whole or in part, in any subsequent step or proceeding in this action or any other action; Plaintiffs' right to object on any and all grounds at any time to other discovery procedures involving or relating to the subject matter of Defendants' First Set of Interrogatories herein answered; Plaintiffs' right to provide, at any time, supplements, additions, revisions, corrections, or clarifications with respect to any of the information provided, or the answers or objections made, in response to Defendants' First Set of Interrogatories.

The following answers are based upon information presently known to be available to Plaintiffs, and except where explicit facts are admitted herein, no incidental or implied admissions are intended.  The fact that Plaintiffs have answered any part hereof should not be taken as an admission that Plaintiffs accept or admit the existence of any facts set forth or presumed by Defendants' First Set of Interrogatories or that such answers constitute admissible evidence.  The fact that Plaintiffs have answered part or all of any request in Defendants' First Set of Interrogatories is not intended and shall not be construed by Defendants as a waiver by Plaintiffs of all or any part of any objection to any request.

## REPONSE TO INTERROGATORIES

1. Identify each communication medium that each Plaintiff has used to send or receive communications concerning any matter within the scope of this action, including the Plaintiffs' claims and defenses, the Defendants' counterclaims and defenses, the discovery requests of the parties, and all matters related thereto.

> **Response**: Plaintiffs object that this interrogatory is beyond the scope or interrogatories permitted by the Local Rules for the United States District Court for the Southern District of New York. Notwithstanding the foregoing objections, Plaintiffs communicated concerning matters within the scope of this action by telephone, email, and linkedin messaging.

2. Identify each person for whom Moody has worked in exchange for money or other compensation, whether as an employee, independent contractor, consultant or otherwise.

> **Response**: Plaintiffs object that this interrogatory is beyond the scope or interrogatories permitted by the Local Rules for the United States District Court for the Southern District of New York. Plaintiffs further object that this interrogatory is wildly overbroad, unduly burdensome, and harassing.

3. Identify each person for whom O'Brien has worked in exchange for money or other compensation, whether as an employee, independent contractor, consultant, or otherwise.

> **Response**: Plaintiffs object that this interrogatory is beyond the scope or interrogatories permitted by the Local Rules for the United States District Court for the Southern District of New York. Plaintiffs further object that this interrogatory is wildly overbroad, unduly burdensome, and harassing.

4. Identify all prospective and/or current employers, or any other person, to whom

Moody has sent his resume, curriculum vitae, or similar document.

> **Response**: Plaintiffs object that this interrogatory is beyond the scope or interrogatories permitted by the Local Rules for the United States District Court for the Southern District of New York. Plaintiffs further object that this interrogatory is wildly overbroad, unduly burdensome, and harassing.

5. Identify all persons whom Moody told he was a partner, equity holder, or high-level executive at Skytop.

> **Response**: Plaintiffs object that this interrogatory is beyond the scope or interrogatories permitted by the Local Rules for the United States District Court for the Southern District of New York. Notwithstanding the foregoing, Plaintiff did not inform any person as such.

6. Identify each of O'Brien's current or former consulting clients.

> **Response**: Plaintiffs object that this interrogatory is beyond the scope or interrogatories permitted by the Local Rules for the United States District Court for the Southern District of New York. Plaintiffs further object that this interrogatory is wildly overbroad, unduly burdensome, and harassing.

7. Identify each person at Fortune Empire with whom O'Brien has communicated, including in writing, and also including only in person, by telephone, or other non-written medium of communication.

> **Response**: Plaintiffs cannot recall the information requested in this interrogatory.

Dated: March 4, 2022

Josh Bernstein, P.C.
*Counsel for Plaintiff*

By:_____/s/_____
Joshua Alexander Bernstein

160 Varick Street
New York, NY 10013
(646) 308-1515
jbernstein@jbernsteinpc.com

## **CERTIFICATION**

    I, B. Moody, one of the Plaintiffs in B. Moody et. al. v. Inspire Summits LLC, et. al., hereby certify that upon information and belief the foregoing responses to Defendants' interrogatories are true and complete.

Dated: March **7**, 2022

                                            _____

                                                  B. Moody

## <u>CERTIFICATION</u>

    I, K. O'Brien, one of the Plaintiffs in B. Moody et. al. v. Inspire Summits LLC, et. al., hereby certify that upon information and belief the foregoing responses to Defendants' interrogatories are true and complete.

Dated: March <u>7</u>, 2022

_____

K. O'Brien

EXHIBIT E

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____

B. MOODY, K. O'BRIEN,                                )
                                                     )          Index No. 20-CV-5834
                                                     )
                         Plaintiffs,                 )
                                                     )
            v.                                       )
                                                     )
INSPIRE SUMMITS, LLC,                                )
CHRISTOPHER P. SKROUPA,                              )
                                                     )
                         Defendants.                 )
_____

### <u>Plaintiffs' Amended Response to Defendants' First Set of Interrogatories</u>

Plaintiffs B. Moody & K. O'Brien ("Plaintiffs") pursuant to Federal Rules of Civil

Procedure 26 and 33, by their attorneys Josh Bernstein, P.C., provides the following responses

and objections to Defendants' first set of Interrogatories.

### QUALIFICATIONS AND GENERAL OBJECTIONS

Plaintiffs object to Defendants' First Set of Interrogatories to the extent that they request

information or seek the production of documents that are privileged, that were prepared in

anticipation of litigation or constitute attorney work product, that are protected by the attorney-

client privilege or that are otherwise immune from discovery.  Inadvertent identification or

production of such information or documents shall not constitute a waiver of any privilege with

respect to the subject matter thereof or the information contained therein, and shall not waive

Plaintiff's right to object to the use of such document or the information contained therein.

Plaintiffs object to the interrogatories to the extent that they purport to impose burdens or

duties upon Plaintiffs that exceed the requirements and permissible scope of discovery

authorized by the Federal Rules of Civil Procedure and the Local Rules of the United States

District Court for the Southern District of New York.

Plaintiffs' responses are based on the best information presently available.  Plaintiffs

reserve the right to amend or supplement their responses if they obtains other or additional

information.

Plaintiffs' obligations to respond to the interrogatories is defined by the objections and

limitations contained herein.  Plaintiffs object to the interrogatories to the extent that they call for

the production of documents or seek information beyond the time frame relevant to this action.

Plaintiffs object to the interrogatories to the extent that they seek documents already in

Defendants' possession or which are otherwise available as documents of public record on the

ground that producing such documents would be unduly burdensome and unnecessary.  Plaintiffs

object to the interrogatories to the extent that they exceed the number of interrogatories permitted

pursuant to Federal Rule of Civil Procedure 33(a)(1).

The answers set forth here are made without prejudice to, and without waiving, the

following: Plaintiffs' right to object on the grounds of competency, privilege, relevancy,

materiality, or any other proper ground, to the use of any information which may be provided or

produced in response to Defendants' First Set of Interrogatories, for any purpose, in whole or in

part, in any subsequent step or proceeding in this action or any other action; Plaintiffs' right to

object on any and all grounds at any time to other discovery procedures involving or relating to

the subject matter of Defendants' First Set of Interrogatories herein answered; Plaintiffs' right to

provide, at any time, supplements, additions, revisions, corrections, or clarifications with respect

to any of the information provided, or the answers or objections made, in response to

Defendants' First Set of Interrogatories.

The following answers are based upon information presently known to be available to Plaintiffs, and except where explicit facts are admitted herein, no incidental or implied admissions are intended. The fact that Plaintiffs have answered any part hereof should not be taken as an admission that Plaintiffs accept or admit the existence of any facts set forth or presumed by Defendants' First Set of Interrogatories or that such answers constitute admissible evidence. The fact that Plaintiffs have answered part or all of any request in Defendants' First Set of Interrogatories is not intended and shall not be construed by Defendants as a waiver by Plaintiffs of all or any part of any objection to any request.

## REPONSE TO INTERROGATORIES

1. Identify each communication medium that each Plaintiff has used to send or receive communications concerning any matter within the scope of this action, including the Plaintiffs' claims and defenses, the Defendants' counterclaims and defenses, the discovery requests of the parties, and all matters related thereto.

    **Response**: Plaintiffs object that this interrogatory is beyond the scope or interrogatories permitted by the Local Rules for the United States District Court for the Southern District of New York. Notwithstanding the foregoing objections, Plaintiffs communicated concerning matters within the scope of this action by telephone, email, and linkedin messaging.

2. Identify each person for whom Moody has worked in exchange for money or other compensation, whether as an employee, independent contractor, consultant or otherwise.

    **Response**: Plaintiffs object that this interrogatory is beyond the scope or interrogatories permitted by the Local Rules for the United States District Court for the Southern District of New York. Plaintiffs further object that this interrogatory is wildly overbroad, unduly burdensome, and harassing.

3. Identify each person for whom O'Brien has worked in exchange for money or other compensation, whether as an employee, independent contractor, consultant, or otherwise.

    **Response**: Plaintiffs object that this interrogatory is beyond the scope or interrogatories permitted by the Local Rules for the United States District Court for the Southern District of New York. Plaintiffs further object that this interrogatory is wildly overbroad, unduly burdensome, and harassing.

4. Identify all prospective and/or current employers, or any other person, to whom

Moody has sent his resume, curriculum vitae, or similar document.

> **Response**: Plaintiffs object that this interrogatory is beyond the scope or interrogatories permitted by the Local Rules for the United States District Court for the Southern District of New York. Plaintiffs further object that this interrogatory is wildly overbroad, unduly burdensome, and harassing.

5. Identify all persons whom Moody told he was a partner, equity holder, or high-level executive at Skytop.

> **Response**: Plaintiffs object that this interrogatory is beyond the scope or interrogatories permitted by the Local Rules for the United States District Court for the Southern District of New York. Notwithstanding the foregoing, Plaintiff did not inform any person as such.

6. Identify each of O'Brien's current or former consulting clients.

> **Response**: Plaintiffs object that this interrogatory is beyond the scope or interrogatories permitted by the Local Rules for the United States District Court for the Southern District of New York. Plaintiffs further object that this interrogatory is wildly overbroad, unduly burdensome, and harassing.

7. Identify each person at Fortune Empire with whom O'Brien has communicated, including in writing, and also including only in person, by telephone, or other non-written medium of communication.

> **Response**: Plaintiffs cannot recall the information requested in this interrogatory.

Dated: March 4, 2022

Josh Bernstein, P.C.
*Counsel for Plaintiff*

By:_____/s/_____
Joshua Alexander Bernstein

160 Varick Street
New York, NY 10013
(646) 308-1515
jbernstein@jbernsteinpc.com

## **CERTIFICATION**

I, B. Moody, one of the Plaintiffs in B. Moody et. al. v. Inspire Summits LLC, et. al., hereby certify that upon information and belief the foregoing responses to Defendants' interrogatories are true and complete.

Dated: March 7, 2022

_____
                                    B. Moody

# Summary of Comments on Microsoft Word - Amended Moody P Responses to Interrogs.docx

## Page: 5

Number: 1 Author: Bradley    Date: 3/7/2022 6:57:57 PM -05'00'

7

## <u>CERTIFICATION</u>

I, K. O'Brien, one of the Plaintiffs in B. Moody et. al. v. Inspire Summits LLC, et. al., hereby certify that upon information and belief the foregoing responses to Defendants' interrogatories are true and complete.

Dated: March 7, 2022

_____
K. O'Brien

## Page: 6

Number: 1 Author: Bradley   Date: 3/7/2022 10:23:09 PM -05'00'

7

EXHIBIT F

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| B. MOODY, K. O'BRIEN,<br><br>                              Plaintiffs,<br><br>           - against -<br><br>INSPIRE SUMMITS, LLC and CHRISTOPHER SKROUPA,<br><br>                              Defendants. | Civil Action No.:  20-cv-5834 (GHW)<br><br>**FIRST SET OF INTERROGATORIES FROM DEFENDANTS TO PLAINTIFFS** |

      PLEASE TAKE NOTICE that pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure the Defendants Inspire Summits, LLC ("Skytop") and Christopher Skroupa, by their undersigned counsel, hereby submit the following Interrogatories to Plaintiffs Bradley Moody ("Moody") and Kevin O'Brien ("O'Brien") (together, "Plaintiffs" or "You").  Defendants request that Plaintiffs serve their answers, in writing and under oath, to The Engel Law Group, PLLC, 280 Madison Avenue – Suite 705, New York, NY 10016.

## **DEFINITIONS**

      The following definitions apply with respect to the Instructions and Interrogatories set forth below.

      1.     As per SDNY Local Civil Rule 26.3(a) - Uniform Definitions in Discovery Requests, "[t]he full text of the definitions and rules of construction set forth in paragraphs (c) and (d) [of Local Rule 26.3] is deemed incorporated by reference into [these] discovery requests."

      2.     "Moody" shall mean and include the Plaintiff Bradley Moody in this action.

3.      "O'Brien" shall mean and include the plaintiff Kevin O'Brien and any company, including any "d/b/a/" entity, through which he performs services, including consulting services, for any person, entity or group.

## **INSTRUCTIONS**

1.      As may be necessary to bring within the scope of the following Interrogatories and related document requests all responses that might otherwise be construed to be outside their scope, the following rules of construction apply to these Instructions, Definitions, and Interrogatories:

a.      use of a masculine, feminine, or neuter pronoun shall not exclude other genders;

b.      use of a verb's tense shall not exclude other tenses;

c.      the use of the singular form of any word includes the plural and vice versa;

d.      the terms "include" and "including" are not terms of limitation;

e.      the terms "all," "any," and "each" shall each be construed as encompassing any and all; and

f.      the connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Discovery Request all responses that might otherwise be construed to be outside of its scope.

2.      Unless otherwise specified, these Interrogatories cover the time period from January 1, 2018 through the present, including reasonably timely supplemental or amended responses as needed to comport with factual developments.  Pursuant to Fed. R. Civ. P. 26(e), You are under a duty to amend any answer to these Interrogatories for which You learn that the answer is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to Plaintiffs during the discovery process or in

1

writing.

3.       If You object to any Interrogatory or any part thereof, state the basis for the objection with specificity, and answer any remaining part to which You do not object.

4.       If You assert a claim of privilege or immunity from discovery with respect to any Interrogatory, or any part thereof, identify the nature of the information withheld; specify the grounds of the claimed privilege and the paragraph of these interrogatories to which the information is responsive; and identify each person to whom the information, or any part thereof, has been disclosed:

5.       You must respond to each Interrogatory fully and completely; if You are unable to do so, provide as much information as possible, explain why Your answer is incomplete, and Identify or describe all other sources of more complete or accurate information.

6.       For any Document concerning or relating to any Interrogatory, or any of the information sought thereby, which is known or believed to have been destroyed or lost, or is otherwise unavailable, or was but is no longer in your possession, custody, or control, Identify each such Document as defined and instructed herein, and explain in detail the events leading to the destruction or loss, or the reason for the unavailability of such Document, and the current location of such Document, and in whose possession, custody, or control the Document may exist.

7.       These Instructions and Interrogatories shall be read, interpreted, and responded to in accordance with the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Southern District of New York, and the Definitions set forth above.

2

## <u>INTERROGATORIES</u>

1.      Identify each communication medium that each Plaintiff has used to send or receive communications concerning any matter within the scope of this action, including the Plaintiffs' claims and defenses, the Defendants' counterclaims and defenses, the discovery requests of the parties, and all matters related thereto.

2.      Identify each person for whom Moody has worked in exchange for money or other compensation, whether as an employee, independent contractor, consultant or otherwise.

3.      Identify each person for whom O'Brien has worked in exchange for money or other compensation, whether as an employee, independent contractor, consultant, or otherwise.

4.      Identify all prospective and/or current employers, or any other person, to whom Moody has sent his resume, curriculum vitae, or similar document.

5.      Identify all persons whom Moody told he was a partner, equity holder, or high-level executive at Skytop.

6.      Identify each of O'Brien's current or former consulting clients.

7.      Identify each person at Fortune Empire with whom O'Brien has communicated, including in writing, and also including only in person, by telephone, or other non-written medium of communication.

Dated:  New York, New York
        October 4, 2021

                                    THE ENGEL LAW GROUP, PLLC

                                    By:  _____
                                           Adam E. Engel
                                    280 Madison Avenue - Suite 705
                                    New York, NY  10016
                                    (212) 665-8095
                                    *Counsel for Defendants*

To:     Josh Bernstein <jbernsteinpc@gmail.com>