UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

B. MOODY and K. O'BRIEN,

                       Plaintiffs,

-v-

INSPIRE SUMMITS LLC and CHRISTOPHER P. SKROUPA,

                       Defendants.

CIVIL ACTION NO.: 20 Civ. 5834 (SLC)

**ORDER APPROVING SETTLEMENT**

**SARAH L. CAVE,** United States Magistrate Judge.

The parties in this wage-and-hour case under the Fair Labor Standards Act ("FLSA") reached a settlement in principle and thereafter consented to my jurisdiction under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 for all purposes (ECF Nos. 113; 117). The parties have now submitted a joint Letter-Motion in support of settlement (ECF No. 121 (the "Motion")) and proposed settlement agreement (ECF No. 121-1 (the "Agreement")) for approval under Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015).

Courts generally recognize a "strong presumption in favor of finding a settlement fair" in FLSA cases like this one, as courts are "not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Souza v. 65 St. Marks Bistro, No. 15 Civ. 327 (JLC), 2015 WL 7271747, at *4 (S.D.N.Y. Nov. 6, 2015) (citation omitted). In recognition of potential collection concerns, Plaintiffs have agreed to a payment schedule and Defendants have provided confessions of judgment (ECF No. 121-1 at 1-2, 4-5), which "militates in favor of finding a settlement reasonable." Lliguichuzcha v. Cinema 60, LLC, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013); see also Hart v. RCI Hosp. Holdings, Inc., No. 09 Civ. 3043 (PAE), 2015 WL 5577713, at *10

(S.D.N.Y. Sept. 22, 2015) (finding that significant "risk that plaintiffs would not be able to collect, or fully collect, on a judgment" supported approval of settlement agreement, which "[g]uaranteed recovery from the other two defendants in the event that [one] prove[d] unable to pay the entire settlement amount").

Having carefully reviewed the Motion, the Agreement, and accompanying exhibits, the Court finds that all the terms of the Agreement, including the allocation of attorneys' fees and costs, appear to be fair and reasonable under the totality of the circumstances and in light of the factors enumerated in Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). Accordingly, the Court approves the Agreement.

This action is dismissed with prejudice and without costs except as may be stated in the Agreement. The Court will retain jurisdiction to enforce the Agreement. Any pending motions are moot. The Clerk of Court is respectfully requested to mark ECF No. 121 as "granted," and to close this case.

Dated:   New York, New York
         November 30, 2022

SO ORDERED.

_____
**SARAH L. CAVE**
**United States Magistrate Judge**