# THE ENGEL LAW GROUP, PLLC

280 Madison Avenue – Suite 705
New York, NY 10016

| Telephone: (212) 665-8095 | Email: aee@elgpllc.com | Facsimile: (888) 364-3564 |

February 24, 2023

**BY ECF**

The Honorable Sarah L. Cave
United States District Court, Southern District of New York
500 Pearl Street, Room 1670
New York, NY 10007

      Re:    Moody v. Inspire Summits (20-cv-5834)
                  Response to Plaintiffs' February 16, 2023 Letter to the Court

Dear Judge Cave,

I represent the Defendants in the above-referenced action and write today in response to Plaintiffs' February 16 letter regarding the Defendants' failure to make the second round of payments under the parties' settlement agreement.

As an initial matter, my involvement was limited to holding onto paper checks written by the Defendants in advance of the parties even submitting the settlement agreement to the Court for approval, and mailing them on the dates set forth in the settlement agreement:

> Defendants will provide to their counsel Adam Engel, Esq. checks for the payments described in ¶ b-c below, and made out to the Plaintiffs and their counsel as described below, <u>prior to the parties' application to the Court for approval of this Agreement</u>, with such checks to be held in escrow by counsel for Defendants until such time as the Court approves this settlement Agreement and the payments become due pursuant to ¶ b-c below.  Counsel for Defendants will confirm to counsel for Plaintiffs that such checks for such payments have been received prior to the parties' application to the Court for approval of this agreement, and Defendants' furnishing of said checks for such payments to their counsel prior to the parties' application to the Court for approval of the within settlement is a condition precedent of this Agreement.  <u>Defendants' counsel will not have possession of any settlement money at any time, and will do nothing more than hold the checks referenced above until mailed to the recipients as set forth herein.</u>

Dkt. #121-1 at p. 1 (emphases added).  As Plaintiffs' counsel acknowledges, that is exactly what I did with the second round of checks at issue now.

As is evident from the face of the Settlement Agreement itself – as with any settlement agreement that allows for payment of the settlement amount over time – the purpose of a defendant agreeing to pay over time is that they do not, at the time they enter into the settlement

agreement, have the money to pay the full settlement amount up front. Similarly, the only reason a plaintiff would allow a defendant to pay over time is that they acknowledge and agree that the defendant does not have the full settlement amount at the time of settlement.

That is exactly what happened here. Plaintiffs and Defendants all knew – and in fact agreed – that Defendant did not have the funds when the parties entered into the Settlement Agreement, and that the second round of payments would be funded by future income to the Defendants. Plaintiffs, through their counsel, were fact in provided with photos of the checks prior to entering into the Settlement Agreement, and fully approved of them.

As Defendant Skroupa explains in the attached letter, the funding that he expected, and still expects, did not materialize in time to make the second round of payments. Knowing this, he issued stop-payment orders on the second round of checks that were written well in advance of the Settlement Agreement being approved by the Court, and opted against issuing replacement checks from an alternate account, as initially indicated, for the same reason. Despite the inability to make the second round of payments by the initial deadline set forth in the Settlement Agreement (the notice and cure period has not yet expired), the Defendants maintain that they will, as agreed, make the second round of settlement payments as soon as possible, which the Defendants expect to be in early March of this year.

As Plaintiffs' counsel correctly notes in his letter to the Court, the Settlement Agreement does in fact contain a notice and cure process that Plaintiffs agreed to and that this Court approved. Under those terms, the deadline for the Defendants to cure their failure to make the second round of settlement payments expires on or about February 25, 2023, after which the Plaintiffs have the signed and notarized Confession of Judgment, included in the Settlement Agreement (agreed to by Plaintiffs and approved by this Court), which they can file and enforce like any other judgment. Plaintiffs themselves signed and submitted to the Court a Settlement Agreement that quite conspicuously contains several provisions that contemplate and directly address what can and should happen should the Defendants fail to make any of the payments called for in the Settlement Agreement, including the notice and cure process and the fully valid Confession of Judgment discussed above.

As expressed in the attached letter, the Defendants take their commitment to pay the full settlement amount seriously, and fully intend to pay the full amount as soon as they are able.

Respectfully Submitted,

Adam E. Engel
*Counsel for Defendants*

Encl.   Skroupa Letter

THE ENGEL LAW GROUP, PLLC
www.elgpllc.com

280 MADISON AVENUE
SUITE 705

(TEL) (212) 665-8095
(FAX) (888) 364-3564

EXHIBIT A

February 23, 2023

Adam Engel
280 Madison, Suite 705
New York NY 10016

Dear Adam:

I am writing to explain the facts and circumstances surrounding the stop payment on the three checks, noting the final payment in the Moody-O'Brien case.

When we settled the case, we agreed to two payments. The first payment (three checks) was delivered and processed on time. During the two-month period between the first and the second payments, we worked to make the payment. However, due to a catastrophic unforeseen event, the funds needed to cover the checks for the second payment were delayed. So as not to bounce the checks I stopped payment on them. I then called you to tell you what happened, and you contacted the defendant's attorney.

I have paid the first half and fully intend to pay the second half of the settlement.

To explain further, I was entitled to a tax relief payment of $304,000, due on December 11, 2022. I hired an expert tax advisor to shepherd this through the application and approval process. However, the credit was delayed into the middle of December and then postponed into January due to the IRS holiday shutdown. In January, I was told that the paperwork would move forward on January 10 and that the payment would process for processing. On January 13, 2023, I signed the final documents needed to process the payment. On January 15, 2023, I received a text from an employee of my tax advisor stating that his brother committed suicide and that I would receive a call on January 16, 2023, regarding follow up on next steps. I did not receive the final forms, even though I called, texted and wrote every day, until February 8, 2023. Due to the unfortunate event of my tax advisor's brother's suicide, my tax advisor was out of pocket for almost a month. I did not speak to him until February 15, 2023, when he mentioned that he had set an appointment at the IRS to confirm that we were in good order for all approval. On February 17, he met with the IRS. I received a call from him on February 15 stating that the approval was to process for this week. That once received, the wire will run, in 50% of the cases, within a day or two. He said that we would have it paid, by March 5, 2023.

I am committed to making this final payment within the curing period and have made alternative arrangements to secure the revenue to do so, and otherwise I will make the final payments as soon as possible.

I hope this is helpful.

Sincerely,